**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lizbeth Estrada,<br><br>                              Plaintiff,<br>           -v-<br><br>IVY United USA Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Lizbeth Estrada ("Plaintiff" or "Estrada"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of the Defendant IVY United USA Inc. ("Defendant" or "IVY United"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, and wage deductions under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees

pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Lizabeth Estrada ("Plaintiff" or "Estrada") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, IVY United USA Inc. ("Defendant" or "IVY United"), was a New York for-profit corporation with three (3) or more places of business in Queens County, New York, including at 104-70 Queens Blvd. Forest Hills, NY 11375 where Plaintiff was employed.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was engaged in the business of providing childcare and related services.

10. At all times relevant herein, Defendant owned and operated three (3) or more locations and employed approximately 20 or more employees.

11. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant for about 5 years ending in or around August 2020.

12. At all times relevant herein, Plaintiff was employed by Defendant as an assistant assisting with support and caring for persons attending Defendant's institution.

13. At all times relevant herein, Plaintiff was paid at a regular rate of $18.44 an hour and Plaintiff was not paid at a rate of 1.5 times her regular for her overtime hours (hours over 40 in a week) worked.

14. At all times relevant herein, Plaintiff worked up to about 47.5-50 or more hours each week for Defendant – 5 days a week, with the exception of two to three weeks each year, and Defendant paid Plaintiff at her regular rate for each and all hours worked including her overtime hours (hours over 40 in a week).

15. A more precise statement of the hours and wages may be made when Plaintiff Estrada obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

16. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

17. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state the hours worked by Plaintiff, nor all wages earned, among other deficiencies.

18. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

19. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the state of New York.

20. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the state of New York.

21. Upon information and belief and at all times relevant herein, Defendant purchased equipment and supplies essential for its production and manufacturing business from vendors outside the state of New York.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

24. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

25. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

26. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

27. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff at least the applicable federal and New York State minimum wage rate for each hour worked in a week.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

29. Upon information and belief, and at all relevant times herein, Defendant failed to notify

Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

30. "Plaintiff" as used in this complaint refers to the named Plaintiff.

31. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

34. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

35. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

36. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay plaintiff overtime compensation at rates not less than one and one-half times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

37. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

38. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

40. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay and 1.5 times the applicable New York State Minimum Wage rate for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

41.  Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

42. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 41 above with the same force and effect as if fully set forth at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

6

44. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff her unpaid overtime wages, as required under NY Labor Law § 190 et seq.

45. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

## Relief Demanded

47. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her overtime wages, (FLSA and NYMWA) and non-overtime wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

48. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

49. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29

USC § 216(b);

50. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

51. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid wages, including her overtime wages, (FLSA and NYMWA) and non-overtime wages, plus maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

52. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

53. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **December 31, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com