# SETTLEMENT AGREEMENT AND RELEASE

IVY United USA Inc. ("Defendant"), and Lizbeth Estrada ("Estrada"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Lizbeth Estrada.

    b. Plaintiff Lizbeth Estrada was employed by Defendant IVY United USA Inc.

    c. "Defendant" shall be defined as IVY United USA Inc.

    d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on December 31, 2020, in the United States District Court, Eastern District of New York, with Civil Action #: 20-CV-06372 (ENV)(RML).

2. **Consideration**. In consideration for Ms. Estrada's signing this Agreement and the release of all claims herein, Defendant IVY United USA Inc agree to make the following payments totaling Eighteen Thousand Dollars ($18,000):

    a. A check made payable to "Lizbeth Estrada" in the amount of Five Thousand, Seven Hundred, Forty-Four Dollars and Zero Cents ($5,744), less applicable taxes and withholdings, to be reported on an IRS Form W-2, due on or before October 1, 2021;

    b. A check made payable to "Lizbeth Estrada" in the amount of Five Thousand, Seven Hundred, Forty-Four Dollars and Zero Cents ($5,744), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due on or before October 1, 2021;

    c. A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Six Thousand, Five Hundred Twelve Dollars and Zero Cents ($6,512), representing payment of a 1/3 contingency fee ($5,744) plus costs ($768), to be reported on an IRS Form 1099-MISC (Box 14), due on or before October 1, 2021;

    d. The payments above shall be sent to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    e. Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether known or unknown, that they have or may have against Plaintiff, as of the date of execution of this Agreement.

    f. If there is a default in making the payments herein, Plaintiff or her counsel, will give **Defendant IVY United USA Inc**, written notice of said default, by

1

sending a notice of default by email to Defendant's attorneys **Ms. Sylvia Tsai, Esq. at stsai@genglaws.com.** Defendant will have fifteen (15) days from receipt of such notice to cure the default. If Defendant do not cure the default within fifteen (15) days of the notice, Plaintiff and her Counsel shall have the right to a judgment or supplemental judgment against Defendant **IVY United USA Inc,** in the amount of Twenty-Seven Thousand Dollars ($27,000) less any monies paid by Defendants at the time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and her counsel.

      g.      If any settlement payment herein is due before the date of court approval of this settlement agreement, such payment(s) shall be held in escrow by Defendant's counsel and sent within two days of court approval by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq. located at 215-28 Hillside Avenue, Queens Village, NY 11427

3. **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

4. **Release of Claims by Plaintiff**. In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all wage and hour claims and claims asserted in this action, as of the date of execution of this Agreement, consistent with *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015).

5. **Acknowledgments and Affirmations**.

      a.      Plaintiff affirms that in the Action she has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes her attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

       8.    **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

       9.    **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

       10.    **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to him in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

       11.    **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

       12.    **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

       13.    **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

       14.    **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Estrada was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Estrada is competent to execute this Agreement.

       IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**                                    **DEFENDANT:**

**LIZBETH ESTRADA**                        **IVY UNITED USA INC.**

By:____*Lizbeth Estrada*_____      By:_____

(DocuSigned by: 4851C3DE13FE4B6...)

3

DocuSign Envelope ID: 6CE6B9F7-8105-43F1-A125-4ED532CCC1E1

Date: __8/5/2021_____     Print Name _____

Title_____

Date: _____